UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHARLES PILOT,

    Petitioner,

                                 CASE NO. 15-10962

v.

                                 PAUL D. BORMAN
RICK SNYDER and               UNITED STATES DISTRICT JUDGE
BILL SCHUTTE,

    Respondents.
_____/

**OPINION AND ORDER
DENYING PETITIONER'S MOTION TO SHOW CAUSE (Dkt. #2),
SUMMARILY DISMISSING THE HABEAS CORPUS PETITION (Dkt. #1),
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

**I. Introduction**

This matter has come before the Court on a *pro se* application for the writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254. Petitioner Michael Charles Pilot lists his residence as Roseville, Michigan.

The petition and exhibits indicate that, in 2004, Petitioner was charged in Delta County, Michigan with first-degree home invasion, Mich. Comp. Laws § 750.110a(2), two counts of larceny in a building, Mich. Comp. Laws § 750.360, and one count of breaking and entering a building with intent to commit a felony or larceny, Mich. Comp. Laws § 750.110. On May 18, 2004, Petitioner waived his right to trial and pleaded guilty to breaking and entering a building. In return, the prosecutor dismissed the other charges

against Petitioner. On July 19, 2004, Petitioner was sentenced to jail for six months and forty-five days and placed on probation for twelve months. Petitioner successfully completed the conditions of probation and, on June 8, 2005, the trial court discharged Petitioner from probation.

On February 23, 2015, Petitioner signed and dated his habeas corpus petition, and on March 13, 2015, the Clerk of the Court received and filed the petition. Petitioner alleges in his petition "that he is being held in violation of his 'rights, privileges, and immunities of the Constitution and Laws of the United States and Treaty Law of the United States . . . .'" Pet., page 23. He seeks to have the State of Michigan show cause why he should not be released. Pet., page 49. In a separate motion and brief filed on April 17, 2015, Petitioner seeks to have the Court show cause why it has not yet issued the writ of habeas corpus. Mot., page 12.

## II. Legal Standard

Upon receipt of a habeas corpus petition, a federal court must "promptly examine [the] petition to determine 'if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief.' " *Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011) (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . ." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (stating that Rule 4 allows the summary dismissal of a petition if it

plainly appears that the petitioner is not entitled to relief).

### III.  Analysis

### A.  Exhaustion of State Remedies

Petitioner's habeas petition is legally insufficient for several reasons. First, Petitioner has not alleged or otherwise demonstrated that he exhausted state remedies for his allegation that he is being held in violation of his constitutional rights. "[A] state prisoner seeking federal habeas relief must first 'exhaus[t] the remedies available in the courts of the State,' 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts 'the first opportunity to address and correct alleged violations of [the] prisoner's federal rights.' " *Walker v. Martin*, 562 U.S. 307, __, 131 S. Ct. 1120, 1127 (2011) (quoting *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).

Petitioner acknowledges the exhaustion requirement, but alleges that he is not required to exhaust his state remedies. Pet., page 6. Petitioner "bears the burden of showing that state court remedies have been exhausted," *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012), and even though there are exceptions to the exhaustion requirement, *id*. at 851 n.2,[1] he has not alleged that either exception applies here. Nor has Petitioner explained why he thinks he is not required to exhaust state remedies. Thus, his petition is subject to dismissal for failure to exhaust state remedies. It further appears that the

---

[1] One exception exists when "there is an absence of available State corrective process." 28 U.S.C. § 2254(b)(1)(B)(i). The other exception applies when "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii).

3

petition may be barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d), although the statute of limitations "is an affirmative defense that the state may waive by failing to raise it in the first responsive pleading to a petition for a writ of habeas corpus." *Harwell v. Million*, 77 F. App'x 296, 298 (6th Cir. 2003).

### B. Conclusory Allegations

Another reason why the habeas petition is subject to dismissal is that Petitioner has not explained how his constitutional rights were violated or why he believes that he is being unlawfully detained. His lengthy petition touches on many issues, and although he appears to assert claims about trial counsel and defects in the felony complaint, *see* Pet., pages 25-26, the Court is not obligated "to distill and develop" Petitioner's arguments for him. *Holland v. Dep't of Health and Human Servs.*, __ F. Supp. 3d __, __, No. 1:13-CV-609-TWT, 2014 WL 4925680, at *12 (N.D. Ga. Sept. 30, 2014).

The Court recognizes that "[t]he pleadings of pro se petitioners are held to less stringent standards than those prepared by attorneys" and must be "liberally construed." *Martin v. Overton*, 391 F.3d at 712. Nevertheless, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and a *pro se* litigant "is not relieved from presenting a colorable claim." *United States v. McKinney*, 375 F. App'x 479, 481 (6th Cir. 2010). Petitioner has failed to meet these basic pleading requirements.

### C. The "In Custody" and "Case or Controversy" Requirements

The habeas petition is legally insufficient for two additional reasons: Petitioner does not appear to be in custody for the conviction under attack, and he has not alleged a collateral consequence of the conviction.

### 1. The "In Custody" Requirement

A federal district court may entertain an application for the writ of habeas corpus only if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a). The Supreme Court has interpreted this language to mean "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook,* 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). The Supreme Court has never held "that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Id.* at 491 (emphasis in original). And even though the Supreme Court has "very liberally construed the 'in custody' requirement for purposes of federal habeas, [it has] never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction." *Id.* at 492. "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.*; *see also Pola v. United States,* 778 F.3d 525, 529-30 (6th Cir. 2015) (explaining that a petitioner who has served his sentence can satisfy the in-custody requirement of 28

5

U.S.C. § 2255, but only if he filed his motion while still incarcerated).

Exhibits to the complaint indicate that Petitioner's jail sentence of six months and forty-five days commenced on July 19, 2004, and that he was discharged from his twelve-month term of probation on June 8, 2005. Thus, he was not "in custody" for the breaking-and-entering conviction under attack when he filed his habeas petition in March of this year.

### 2. The Case-or-Controversy Requirement

Under Article II, § 2 of the United Sates Constitution, the Court's judicial power extends, among other things, to cases arising under the Constitution and controversies between a state and its citizens.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some "collateral consequence" of the conviction—must exist if the suit is to be maintained.

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Courts ordinarily presume that a petitioner experiences collateral consequences from a conviction. *See id*. at 8 (stating, "[i]n recent decades, we have been willing to presume that a wrongful criminal convcition has continuing collateral consequences"); *accord Pola*, 778 F.3d at 530 (presuming that a defendant who filed a motion to vacate sentence while still incarcerated, but subsequently served his full term of imprisonment,

satisfied the case-or-controversy requirement because he challenged the constitutionality of his criminal conviction, and, therefore, continued to suffer the burdens of that conviction); *United States v. Ashraf*, 628 F.3d 813, 821 (6th Cir. 2011) (stating that "a defendant is presumed to suffer collateral consequences from a conviction even after the sentence has expired").  Nevertheless, a petitioner must show at least "the possibility of tangible collateral consequences for the burden to shift to the state to show that the consequences are not in fact possible." *Gall v. Scroggy*, 603 F.3d 346, 354 (6th Cir. 2010).

Petitioner has not alleged that a tangible collateral consequences resulted from his breaking-and-entering conviction.  "Therefore, to the extent that []he was required to make a minimal showing of possible collateral consequences of h[is] unconstitutional criminal conviction," he has not done so.  *Gentry v. Deuth*, 456 F.3d 687, 695 (6th Cir. 2006).  As such, he has failed to satisfy the Constitution's case-or-controversy requirement, and his challenge to the conviction under attack is moot.

### IV.  Conclusion

For the reasons given above, it plainly appears that Petitioner is not entitled to relief.  Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus (Dkt. #1) is summarily **DISMISSED** under Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that Petitioner's motion to show cause why the Court has not issued the writ (Dkt. #2) is **DENIED** as moot.

### V.  Regarding a Certificate of Appealability

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Reasonable jurists would not debate the Court's assessment of Petitioner's pleading, nor conclude that Petitioner deserves encouragement to proceed further.  Accordingly,

**IT IS ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner may not proceed *in forma pauperis* on appeal if he chooses to appeal this decision, because an appeal could not be taken in good faith.  28 U.S.C. § 1915(a)(3).

    s/Paul D. Borman  
    PAUL D. BORMAN  
    UNITED STATES DISTRICT JUDGE

Dated:  April 22, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 22, 2015.

                                              s/Deborah Tofil
                                              Case Manager